UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
www.flmb.uscourts.gov

In re:

Genie Investments NV, Inc.,

Case No.: 3:24-bk-00496-BAJ
Chapter 7

Misc. Case No. 3:26-mp-00001-FMR

Debtor.
_______________________________/

**UNITED STATES TRUSTEE RESPONSE TO**
**SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR RECUSAL**

Guy A. Van Baalen, Acting United States Trustee for Region 21 (the "United States Trustee"), by and through the undersigned counsel, files this response to the Supplemental Briefing in Support of Motion for Recusal ("Response"; Doc. No. 33) and the Verified Motion for Recusal and Disqualification of Judge Jason A. Burgess pursuant to 28 U.S.C. § 455(a).[1]

## SUMMARY OF ARGUMENT

Nothing in the record suggests that Judge Burgess has exhibited improper bias toward Mr. Cohan or Mr. Hughes ("Former Management"). Judge Burgess has responded reasonably to an endless stream of filings by Former Management. This Court should not authorize a speculative fishing expedition aimed at uncovering supposed bias when Judge Burgess's efforts to manage the docket are perfectly reasonable. Taking this approach would permit a novel and wasteful collateral attack on any merits decision that a litigant

[1] The Response has been stricken conditionally for lack of compliance with Rule 9011(a).

does not like. This is especially true here, where the complaining person does not have standing within the bankruptcy case.

**BACKGROUND**

1. On February 21, 2024, Genie Investments NV, Inc. filed a chapter 11 bankruptcy petition to initiate case number 3:24-bk-00496-BAJ ("Main Case").[2]

2. On March 5, 2024, the United States Trustee filed an Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss this Case, or Convert this Case to Chapter 7 ("First Trustee Motion"; Doc. No. 20 in Main Case).

3. The First Trustee Motion resulted in the appointment of an examiner who filed her report with the Court. (Doc. Nos. 68 and 146 in Main Case).

4. Based on the contents of the examiner's report, the United States Trustee filed a Second Motion to Appoint Chapter 11 Trustee, Dismiss Case, or Convert Case to Chapter 7, which resulted in the conversion of the Main Case to chapter 7. (Doc. Nos. 154, 203, and 207 in Main Case).

5. The order converting the Main Case to chapter 7 was not timely appealed and is a final order.

6. Due to the conversion of the Main Case, Cohan and Hughes were completely removed from any role with the Debtor. Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are "completely ousted." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352–53 (1985).

> Moreover, the Code makes no provision within the structure of Chapter 7 for "former management" to appear in the proceeding and attempt to

[2] All docket citations herein will be in reference to the Main Case.

> control the property of the estate or assert a separate interest on behalf of the Debtor. The whole notion that the contrary is true is antithetical to the basic concept of a corporate liquidating bankruptcy under Chapter 7 of the Code

*In re C.W. Mining Co.*, 636 F.3d 1257, 1263 (10th Cir. 2011) (quoting *Log Furniture, Inc. v. Call*, 180 F. App'x 785, 787–88 (10th Cir. 2006)).

7. Cohan and Hughes apparently agreed with that legal conclusion as they filed the Motion for Court Recognition of Resignation as Debtor Representative (Doc. No. 334 and 335 in Main Case), which the Court granted in part on June 26, 2025 (Doc. No. 380 in Main Case). Under the terms of the Court's order, Cohan's and Hughes' resignation was granted except that they remained subject to "all duties and responsibilities provided for under state and federal law." (*Id.* at 2).

8. In the chapter 7 context, Cohan's and Hughes' duties consisted primarily of the duty to "turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors." *Commodity Futures Trading Com v. Weintraub,* 471 U.S. 343, 352 (1985). Beyond the transfer of records, Cohan and Hughes have no authority to act on behalf of the Debtor. Instead, the chapter 7 trustee has the exclusive rights and discretion to act in the best interest of the Debtor's bankruptcy estate.

9. Despite Former Management's ouster, both as a matter of law and according to his own request, they continue to file a plethora of pleadings, notices, motions, appeals and miscellaneous with the effect of delaying the administration of this case to the detriment of the small business owners who are the estate's ultimate beneficiaries. Hughes has filed numerous such pleadings (Doc. Nos. 274, 287, 288, 301, 302-303, 319, 322, 337, 340, 342-343, 355, 367, 369, 376, 391-392, 394, 398, 419, 437, 440, 444, 451, 459-463, and 528).

And Cohan has been particularly prolific (*See* Doc. Nos. 274, 277, 286, 287, 301-303, 319, 322, 325, 332, 337, 340, 343-355, 361, 368, 382, 385-386, 393, 395, 398, 400-403, 406, 428-431, 438-439, 441, 444, 451, 459-463, 470, 474-485, 488-490, 496-499, 501-504, 507-509, 513-523, 555-557, 587-597, 616-619, 621-623, 626-627, 638-639, and 644). Mr. Cohan has expanded his campaign of filings to the District Courts in Florida (*see* Case Nos. 3:25-bk-01398-JEP).

10. Many of the filings by Cohan and Hughes are clearly of an irregular nature. For example, on December 1, 2025, Cohan filed Notice of Thanksgiving Administrative Filing Irregularity in Poor Attempt to Rebut Judicially-Verified 341 Meeting Criminal Act (Doc. No. 498 in Main Case). The theory of this pleading is that the bankruptcy court improperly made a docket entry on Thanksgiving. *Id.* Even if that were somehow a legitimate complaint (it is not), examination of the docket shows that the docket entry was made the day before Thanksgiving (Doc. No. 492 in Main Case). On January 27, 2025, Cohan and Hughes filed Motion for Sanctions and Protective Order Against Chapter 7 Trustee for Retaliatory Conduct, Abuse of Process, and Breach of Fiduciary Duty (Combined) (Doc. No. 274 in Main Case). This lengthy pleading needlessly burdened the chapter 7 trustee, without any reasonable basis in the record, in his administration of the estate. The Court denied the motion on February 27, 2025 (Doc. No. 310 in Main Case). Numerous other pleadings filed by Cohan and Hughes are of a similar character.

11. In response to these improper filings, Judge Burgess has taken reasonable steps to limit the filings of Former Management. On March 27, 2025, the Court entered a show cause order temporarily restricting the filings of Former Management (“Show Cause

Order"; Doc. No. 347 in Main Case). The Order thoughtfully explains that the numerous filings by Former Management were interfering with the administration of the Court's docket. *Id.* At the present time, motions by the chapter 7 trustee and Former Management to modify the injunction is under advisement after full briefing (Doc. Nos. 617 and 624 in Main Case).

12. As this Court has recognized by striking several of Mr. Cohan's filings, Mr. Cohan has consistently failed to comply with 9011(a). This includes Mr. Cohan's failure to comply with the requirement to include his address on pleadings despite prior court Order (See Docs. 395, 397, 400, and 416).

13. In part of this briefing, on August 6, 2026, the chapter 7 trustee states that he will not have adequate funds to pay the creditors of the estate, which are primarily small business owners, in full (Doc. No. 645 in Main Case, at 3).[3]

**LAW AND ARGUMENT**

14. Mr. Cohan contends that recusal of the undersigned is mandated by 28 U.S.C. Section 455(a), which provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The standard for recusal based on a claim of lack of impartiality is objective reasonableness. *In re Evergreen Sec., Ltd.*, 363 B.R. 267, 295 (Bankr. M.D. Fla. 2007) (citing *Cheney v. U.S. Dist. Court for D.C.,* 541 U.S. 913, 924, (2004); *Microsoft Corp. v. U.S.,* 530 U.S. 1301, 1301, (2000); *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th

[3] Although the United States Trustee defers to the chapter 7 trustee regarding the likely insolvency of the estate, this conclusion is supported by representations in the examiner's report to the effect that any judgment against Velanos is likely to be uncollectable (Doc. No. 146, at 21-25).

Cir.1988)). The recusal inquiry for a judge based upon perceived lack of impartiality must be "made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Id.* (citing *Microsoft Corp.,* 530 U.S. at 1301). Recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Id.*

15. Mr. Cohan does not point to anything in the record that would lead an objective observer to suspect a lack of partiality. The explanation for restraining the filings of the Former Managers is clearly explained in the Show Cause Order. Given the filings both before and since, no reasonable observer would believe that Judge Burgess was doing anything but attempting to preserve the integrity of Court proceedings. And the issue of whether the restraints should continue is presently under advisement and everyone has had the opportunity to file a brief. Furthermore, the striking of Mr. Cohan's pleadings is independently justified by his failure to abide by Rule 9011(a) despite Court Order.

16. Despite the lack of objective bias in the record, Mr. Cohan invites the Court to entertain numerous fishing expeditions in search of bias. For example, Mr. Cohan wishes to conduct an investigation as to whether Judge Burgess' former law clerk improperly participated in the case, whether there were improper ex-parte communications between Judge Burgess and interested parties, whether Judicial chambers intended to engage in ex-parte communications with Mr. Cohan, and whether some unspecified person somehow meddled with the Court docket to delete certain information, among other speculative theories (Doc. Nos. 1 and 33). Any doubt that this is a truly speculative fishing expedition is resolved by the Notice of Discovery Requests (now conditionally stricken), which proposes

to serve discovery on an expansive list of parties, some of whom have a very tenuous connection to the bankruptcy case (Doc. No. 30 and 34).

17. These sorts of "fishing expeditions" in search of judicial bias are not permitted. *Lynn v. Lundry*, 2020 WL 3270547, at *2 (D. Kan. June 17, 2020) (finding that the recusal statutes do not permit discovery to develop a speculative theory). "No permissible reading of subsection 455(a) would suggest that Congress intended to allow a litigant to compel disqualification simply on unfounded innuendo concerning the *possible* partiality of the presiding judge." *El Fenix de Puerto Rico v. M/Y JOHANNY*, 36 F.3d 136, 140 (1st Cir. 1994) (finding that it was error for a judge to have recused himself based upon speculation). This is for good reason. If the sort of fishing expedition proposed by Mr. Cohan were permitted, any party who lost on the merits could mount a collateral attack in the form of a disqualification motion accompanied by onerous discovery. The motion to disqualify Judge Burgess should be denied on this basis.

18. This concern is particularly acute here because the Former Managers lack standing in the Main Case. The Former Managers lack authority to make filings on behalf of the Debtor. This is the law based upon the Supreme Court's decision in *Weintraub* and based upon Cohan's and Hughes' own requests (Doc. No. 380 in Main Case). Cohan and Hughes also lack standing based upon their equity interest. Section 1109(b) ceased to be applicable to this case when it converted to chapter 7. *See* 11 U.S.C. § 103. The chapter 7 trustee reports that there are inadequate funds to pay creditors in full (Doc. No. 645 in Main Case, at 3). As such, Cohan and Hughes have no standing based upon their equity interest. *In re B & P Baird Holdings, Inc.*, 2011 WL 5909669, at *1 (Bankr. W.D. Mich. Nov. 22,

2011) (finding that an equity holder only has standing if the estate has a surplus). Allowing Mr. Cohan to prosecute his motion would effectively allow any member of the public to make speculative accusations against any bankruptcy judge in any case.

WHEREFORE, the United States Trustee requests that the Court (i) deny the Motion to Disqualify; (ii) take such other action as the Court deems appropriate.

Dated: August 31, 2026.

Respectfully Submitted

Guy A. Van Baalen
Acting United States Trustee for Region 21

*/s/ Scott Bomkamp*
Scott Bomkamp, Trial Attorney
Office of the United States Trustee
U.S. Department of Justice
400 W. Washington St., Suite 1100
Orlando, FL 32801
Telephone No.: 407.648.6067
Email: scott.e.bomkamp@usdoj.gov
Indiana Bar No.: 28475-49

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served on August 31, 2026 on all parties appearing electronically via CM/ECF in this action, and by email to iustusprocessus@outlook.com.

*/s/ Scott Bomkamp*
Scott Bomkamp, Trial Attorney