FILED VIA MAIL

SEP - 2 2026
Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
In re: John-Michael Cohan
Misc. Pro. No. 2:26-mp-00001-FMR

Amended

**JOHN MICHAEL COHAN'S RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR PROTECTIVE ORDER**

COMES NOW John Michael Cohan, protected person, pro se, and hereby responds to the Chapter 7 Trustee's Motion for Protective Order (the "Motion").

I. THE TRUSTEE MISSTATES THE SCOPE OF THIS PROCEEDING

1. The Trustee argues that this proceeding exists "for one purpose: to decide Cohan's Verified Motion for Recusal." That is an oversimplification.

2. At the August 12, 2026, hearing before the Honorable Judge Rivera in the Fort Myers Division, the Court asked what happened outside the courtroom. The Court asked about the King Conflict. The Court asked about standing. The Court asked about the need for discovery. The Honorable Judge Rivera left the door open for additional briefing and discovery. The Honorable Judge Rivera did not shut down discovery. He could have — but he didn't. This is not Judge Burgess' court. This is not the Jacksonville Division. Judge Burgess opened the miscellaneous proceeding, specifically included discovery disputes and transferred it here. He did not rule on

the recusal. He punted it. The Honorable Judge Rivera is now presiding over this proceeding. The Honorable Judge Rivera has not shut down discovery. The undersigned is not conflating the two (2) courts. The discovery is sought in this proceeding — before this Court — not before Judge Burgess.

3. The discovery is not about re-litigating the bankruptcy case. It is about documenting the pattern — the same pattern that forms the basis of the recusal motion.

II. THE DISCOVERY IS RELEVANT TO THE RECUSAL PROCEEDING

4. The Trustee claims the discovery is irrelevant because it does not ask about Judge Burgess's impartiality. That is incorrect.

5. The discovery seeks information about, including but not limited to:

a. The §341 meeting audio — which was allegedly spliced to remove the undersigned's invocation of rights. This goes to the integrity of the record — **the same record Judge Burgess has seemingly refused to review**.

b. The police report — which was filed on the docket and removed twice without notice, motion, or hearing. This goes to docket tampering — **a matter directly within Judge Burgess' control**.

c. Communications with the UST and other jurisdictions — which go to the coordinated pattern of procedural suppression across multiple jurisdictions. — **Judge Burgess seems to be at the center of that pattern.**

d. The King Conflict — Judge Burgess' former law clerk now works for the Trustee's law firm. — **The discovery seeks communications regarding that conflict.**

e. The retaliatory injunction — filed one (1) week after the recusal motion. — **The discovery seeks records related to that filing.**

6. These are not "fishing expedition" questions. They are targeted inquiries into the pattern of conduct that forms the basis of the recusal motion.

7. The Trustee claims the discovery "bears no apparent connection to whether a reasonable, well-informed observer would question Judge Burgess' impartiality." That is false. The discovery seeks information about, including but not limited to:

a. The spliced audio — **if the audio was tampered with, the record is corrupted, a reasonable observer would question the impartiality of a judge who refused to review that evidence.**

b. The police report removed twice — **if a police report was removed from the docket without notice, motion, or hearing, a reasonable observer would question the impartiality of a judge who allowed that to happen.**

c. The King Conflict — **if Judge Burgess' former law clerk now works for the Trustee's law firm, a reasonable observer would question the impartiality of a judge who failed to disclose or address that conflict.**

d. The retaliatory injunction — **if the Trustee filed an injunction one (1) week after the recusal motion was filed, a reasonable observer would question the impartiality of a judge who allowed that to stand.**

8. The discovery is directly relevant to whether a reasonable observer would question Judge Burgess' impartiality.

III. THE TRUSTEE CHERRY-PICKED THE DISCOVERY REQUESTS

9. The Trustee's motion quotes the discovery requests that sound the most unrelated to recusal—the Hughes case, the UST investigation, the §341 audio—to make it look like a fishing expedition. The Trustee conspicuously left out the requests that directly tie to Judge Burgess: the police report removal (docket tampering), the vexatious litigant motion (filed one week after recusal), and the pattern across jurisdictions (coordinated suppression).

10. Each discovery request the Trustee quoted has a legitimate purpose tied to the recusal motion or standing:

| Discovery Request | Purpose |
| --- | --- |
| §341 audio (Nos. 1-2, RFA No. 1, RFP No. 2) | Integrity of record; Judge Burgess refused to review tampered evidence |
| Scott E. Bomkamp (No. 3, RFP No. 4) | UST coordination; pattern of suppression |
| Other jurisdictions (No. 6) | Coordinated pattern across jurisdictions |
| David Hughes (No. 8, No. 10, RFA Nos. 15-16) | Standing; Trustee's inconsistent positions |
| Vexatious litigant motion (No. 15) | Retaliatory conduct; filed one week after recusal |
| Police report (RFA No. 4) | Docket tampering; Judge Burgess' control |
| Fraudulent transfer claims (RFA No. 7, RFP Nos. 8, 18) | Standing; Trustee's credibility |

| Discovery Request | Purpose |
| --- | --- |
| UST misconduct (RFA No. 8) | Pattern of conduct; Walker Legal Analysis |
| Creditor communications (RFP No. 6) | Standing; agreements and claims |
| Claim objections (RFP No. 17) | Standing; struck objections |

11. The Trustee cannot attack the undersigned's standing while refusing to produce the documents that would establish it. The undersigned's standing is based on the agreements, the claims, and the numbers—all of which should be in the Trustee's possession. The discovery seeks the documents that should already be on the record.

12. The Trustee's cherry-picking is misleading. The Court should consider the full context of the discovery requests, not the Trustee's selective excerpts.

## IV. THE TRUSTEE'S ARGUMENT THAT DISCOVERY IS NOT AVAILABLE FOR RECUSAL MOTIONS IS INCORRECT

13. The Trustee cites cases for the proposition that "discovery is not available to develop the grounds for a § 455(a) recusal motion." That is an overstatement.

14. The cases cited by the Trustee are distinguishable. In *Cheeves v. S. Clays, Inc.*, 797 F. Supp. 1570 (M.D. Ga. 1992), and *United States v. Sampson*, 148 F. Supp. 3d 75 (D. Mass. 2015), the courts were addressing discovery directed at the judge or seeking to probe the judge's thought processes in standard civil proceedings. That is not what the undersigned is doing with the discovery directed at the trustee.

15. The undersigned is seeking discovery from the Trustee — a party or at the very least an interested party to this proceeding — regarding communications, documents, and records that bear on the pattern of conduct that is central to the recusal motion.

16. This is a miscellaneous proceeding. Judge Burgess did not rule on his own recusal motion. He did not deny it. He did not grant it. He opened a miscellaneous proceeding, specifically including discovery disputes and transferred it to the Honorable Judge Rivera. He punted the decision to another judge while keeping the underlying bankruptcy case under his control.

17. Judge Burgess is still presiding over the underlying bankruptcy case. He did not step aside. He did not say he was impartial. He did not say he was biased. He simply transferred the decision on the recusal motion to another judge. The recusal motion itself has not been decided.

18. This proceeding is abnormal from the start. The Honorable Judge Rivera acknowledged that at the August 12 hearing. The undersigned is not asking for irregular recusal procedure, the procedure was irregular before the undersigned got here — he is asking for discovery that is relevant to the pattern of conduct that forms the basis of the recusal motion.

19. The Trustee is a party to this proceeding. He has documents and communications that bear on the pattern of conduct that is central to the recusal motion.

## V. THE TRUSTEE'S ARGUMENTS ABOUT PRIVILEGE AND BURDEN ARE PREMATURE

20. The Trustee claims the discovery seeks privileged material, including communications with counsel and work product. He has not identified specific documents or specific privileges.

21. The undersigned has presented evidence of what occurred during the §341 meeting — a violation of a restraining order after in-person notice. The police report was filed. A criminal warrant was signed. The audio recording was allegedly altered to remove the undersigned's invocation of rights. The Trustee has not addressed this evidence.

22. The Trustee also claims the discovery is burdensome. He is represented by counsel. He has the resources to respond to discovery.

VI. THE DISCOVERY IS NECESSARY TO ESTABLISH STANDING

23. The Trustee and the United States Trustee have repeatedly attacked the undersigned's standing. Misc. Doc. 18 of this proceeding discusses the undersigned's standing. Every filing they make relative to the undersigned attacks the undersigned's standing in some form. The Trustee cannot raise standing issues in this proceeding and then say its irrelevant.

24. The undersigned's standing is based on the record — the agreements, the claims, the numbers. If those documents are not on the record, the undersigned cannot establish standing.

25. The Trustee has refused to produce the governing agreements. The Examiner's Report did not substantively address them. The Court has struck the undersigned's objections before they could be heard.

26. The discovery seeks the very documents that would establish standing:

a. The governing agreements between Genie and its customers;

b. The BELOC Agreement itself, specifically 13.7(c)(ix);

c. The claims filed against the estate;

d. The Trustee's analysis of those claims.

27. The Trustee has attacked standing in every forum. He has also refused to produce the documents that would establish it.

28. If the Trustee believes the undersigned lacks standing, producing the documents would allow the Court to decide. Instead, the Trustee seems to be seeking to avoid discovery rather than allow this Court to make a finding on the merits.

VII. THIS IS ALL RECORD EVIDENCE

29. The Trustee's Motion ignores that most of the discovery sought is record evidence. The agreements are record evidence. The claims are record evidence. The Trustee's analysis of those claims would be record evidence. The audio is record evidence. The police report is record evidence.

30. The undersigned is asking for the documents that should already be on the record — documents that the Trustee has refused to produce and the Jacksonville Bankruptcy Court has refused to completely review.

31. If the Trustee produces documents that are already on the record, then the undersigned gets what he needs. If the Trustee produces documents that are not on the record, then the undersigned gets what he needs. Either way, the record becomes complete.

## VIII. THE CRIME-FRAUD EXCEPTION

32. The Trustee's blanket assertion of privilege ignores the evidence on the record.

33. The undersigned has presented documentation of what occurred during the §341 meeting. A restraining order was allegedly violated after eye-witnessed in-person notice. A police report was filed and allegedly removed twice. A criminal warrant was allegedly signed according to the Florida State Attorney's office. The audio recording was allegedly altered to remove the undersigned's invocation of rights which would classify as evidence tampering.

34. The Trustee has not addressed this evidence. He has not explained the police report. He has not explained the audio. He has not explained the warrant.

35. Communications relating to the events described above — including the police report, the audio recording, and the alleged alteration of that recording — are not shielded from discovery simply because they involve or do not involve the Trustee or his counsel. Especially when the Trustee has admitted not completing an independent review of bank records before filing fraudulent transfer claims in direct response to the undersigned exercising his rights against the attorneys, Scarinci Hollenbeck, successor to Warren Law Group and Scott Oh., that vouched for and sold a prime-bank fraud to the undersigned's company (Bankr. Docs. 389, 390, incorporated by reference).

36. The undersigned is not seeking the Trustee's internal deliberations. He is seeking the documents that document what occurred — the audio, the police report, the communications about both.

## IX. THE HYPOCRISY OF THE TRUSTEE'S POSITION

37. The undersigned has been the holder of a protective order — an active restraining order, prior to the Corporate Debtor voluntarily filing Chapter 11. The violation of that order was documented in a police report. That police report was removed from the docket twice.

38. The undersigned has never been afforded a protective order even though one was in place and parties were duly notified. He has been required to produce information — while the Trustee now seeks to avoid producing information.

39. The Trustee has stated he conducted no investigation into the UST's alleged misconduct (Bankr. Doc. 590, incorporated by reference). He has stated under oath that he filed claims without independently reviewing bank records.

40. The undersigned's protective order was ignored. His police report was removed. His objections were struck. His evidence was not considered.

41. Now the Trustee seeks protection from discovery — from the person who has been the subject of a blatantly ignored protective order, the twice removed police report, the struck filings, and the suppressed evidence.

## X. THE UNDERSIGNED HAS NOT BEEN HEARD ON THE MERITS

42. The undersigned's filings have been struck. His objections have been ignored. His evidence has not yet been considered or substantively reviewed. His arguments have not been addressed on the merits.

43. Now the Trustee seeks to prevent the undersigned from obtaining discovery — which would allow the undersigned to present evidence. The undersigned is a protected person with an active restraining order. He is a pro se litigant. The Trustee is represented by Akerman LLP.

## XI. THE COURT'S ORDER IN ADV. PRO. 3:25-ap-00011

44. In Adv. Pro. 3:25-ap-00011 (Adv. Doc. 107), the Court compelled discovery from dissolved corporations and individual shareholders—without notice to the undersigned individually, and without opportunity to object or assert personal privileges.

45. A reasonable observer would question the impartiality of a judge who repeatedly enters orders affecting the undersigned's rights without notice or opportunity to be heard. (i.e. Bankr. Docs. 470 (second police report removal) and Bankr. Doc. 471 retaliatory bar order striking the undersigned objection, cancelling a hearing and extinguishing the undersigned’s claims without the opportunity to be heard.

46. This pattern of procedural irregularities is directly relevant to the recusal motion. The Trustee cannot use a protective order to shield discovery that would reveal the extent of this pattern.

## XII. CONCLUSION

The Trustee seeks refuge in a conundrum of esoterica — procedural obscurity masking substantive avoidance. WHEREFORE, the undersigned respectfully requests that this Court:

i. Deny the Trustee's Motion for Protective Order;

ii. Order the Trustee to respond to the discovery within thirty (30) days of this Order;

iii. Require the Trustee to produce a privilege log identifying any documents withheld;

iv. Order that any protective order entered shall be limited to specific requests found to be overbroad, and shall not shield the Trustee from responding to discovery that is relevant to the recusal motion or standing;

v. In the further alternative, schedule a trial or hearing where the undersigned and the Trustee may go through each discovery request line-by-

line with the Court, allowing the Court to determine which requests are permissible and which, if any, should be modified or stricken;

vi. In the further alternative, if the Court finds any discovery request overbroad, permit the undersigned to amend the discovery requests within a scope determined by this Court, rather than granting the Trustee's requested blanket protective order;

vii. Grant such other and further relief as justice requires.

Dated: 08-28-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

Amended 8-31-26

John Michael Cohen
General Delivery
5455 Verna Blvd
Jacksonville, Florida 32236
5165472810
iustusprocessus@outlook.com

Conferral Certification

On August 28, 2026, the undersigned sent an email to Trustee's counsel memorializing the conferral in writing. Trustee's counsel did not respond. Instead, she filed the Trustee's Motion for Protective Order (Doc. 39) without further conferral. A true and correct copy of the email chain and service of Doc. 39 is attached as an Exhibit from latest to earliest email.

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

Examiner (Yip Associates)
Maria M. Yip at YIPCPA, LLC
Hal A. Levenberg
9200 S. Dadeland Blvd., Suite 316
Miami, FL 33156
Email: myip@yipcpa.com
Email: hlevenberg@yipcpa.com
represented by RYAN E. DAVIS
Florida Bar No. 0179851
Email: davis@whww.com
WINDERWEEDLE, HAINES,
WARD & WOODMAN, P.A.
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246

David C. Hughes II
davidchoatehughes@gmail.com

| | |
|---|---|
| **From:** | jennifer.meehan@akerman.com |
| **To:** | justusprocessus@outlook.com |
| **Cc:** | raye.elliott@akerman.com |
| **Subject:** | SERVICE OF COURT DOCUMENT - Case No. 2:26-MP-00001-FMR - In re Verified Motion for Recusal and Disqualification of Judge Jason A. Burgess Pursuant to 28 U.S.C. § 455(a) |
| **Date:** | Friday, August 28, 2026 3:31:16 PM |
| **Attachments:** | [39] Motion for Protective Order.pdf |

---

| | |
|---|---|
| **Court** | : United States Bankruptcy Court, Middle District of Florida, Ft. Myers Division |
| **Case Number** | : 2:26-mp-00001-FMR |
| **Case Style** | : In re Verified Motion for Recusal and Disqualification of Judge Jason A. Burgess Pursuant to 28 U.S.C. § 455(a) |
| **Document Served** | : Chapter 7 Trustee's Motion for Protective Order |
| **Sender** | : Raye Elliott - Telephone: (813) 223-7333 |

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Debitus Processus
**To:** raye.elliott@akerman.com
**Cc:** David Choate; scott.e.bomkamp@usdoj.gov
**Subject:** Re: Discovery served in proceeding to recuse Judge Burgess -- Local Rule 7026-1 meet and confer
**Date:** Friday, August 28, 2026 3:23:19 PM

---

Ms. Elliott,

We had a call scheduled for 3:30 PM today. Instead of having the conversation over the phone, I figured we'd memorialize it in writing, so there is no confusion about what was said.

This can be very simple. Either the Trustee can concede to the record that we all know is true, or we can continue to litigate. I believe it your duty to do what is cost effective and in the best interest of the estate; a long drawn-out litigation is not worth it for the estate. But please try to understand this: everything is going to come back — every strike, every denial, every appeal — because the blanket prohibition Burgess used to strike everything was never finalized, a due process violations left and right. The district court already said so. You should have saw the order by now (3:25-cv-01398, Doc. 33). The procedural dodges are over.

At the August 12 hearing before the Honorable Judge Rivera, you stated you are an “officer of the court”. My question is simple: are you always an officer of the court, or only when it benefits you? Because if you are always an officer of the court, you have a duty to report irregularities.

You are the one who sent me the email with the original filings regarding the missing police report. I am asking you now, in writing: do you acknowledge that the police report was filed and removed twice with no motion, no notice, and no hearing? The docket entries speak for themselves (Bankr. Docs. 406-3, 470-1 are not on the docket).

You can either engage the substance, or we can continue to litigate. I am good with either. But at the end of the day, the people who facilitated the harm and attempted to cover it up are the ones who will answer for it.

Mr. Bomkamp,
You are copied on this email. If you have anything to add, feel free.

Please respond in writing so we can memorialize our conferral. Thank you.

John

---

**From:** Debitus Processus <iustusprocessus@outlook.com>
**Sent:** Wednesday, 26 August 2026 15:19:57
**To:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Cc:** David Choate <davidchoatehughes@gmail.com>; scott.e.bomkamp@usdoj.gov <scott.e.bomkamp@usdoj.gov>
**Subject:** Re: Discovery served in proceeding to recuse Judge Burgess -- Local Rule 7026-1 meet and confer

Ms. Elliott,

I specifically offered time to confer in my previous email.

John

Get [Outlook for iOS]

---

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Wednesday, 26 August 2026 15:17:29
**To:** iustusprocessus@outlook.com <iustusprocessus@outlook.com>
**Subject:** RE: Discovery served in proceeding to recuse Judge Burgess -- Local Rule 7026-1 meet and confer

Mr. Cohan,

I don't see the need for a telephone conference with respect to the motion for protective order. The Trustee's position is set forth in detail in the motion. There is nothing that I could add during a telephone call to what is already in the motion. I assume you do not agree that the Trustee does not have to respond to your discovery. I will state that in the motion.

**Raye Elliott**
Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333 | F: 813 223 2837
raye.elliott@akerman.com

**From:** Debitus Processus <iustusprocessus@outlook.com>
**Sent:** Wednesday, August 26, 2026 1:35 PM
**To:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>
**Cc:** David Choate <davidchoatehughes@gmail.com>; Bomkamp, Scott E. (USTP) <scott.e.bomkamp@usdoj.gov>
**Subject:** RE: Discovery served in proceeding to recuse Judge Burgess -- Local Rule 7026-1 meet and confer

[External to Akerman]

Ms. Elliott.

Thank you for your prompt reply. To be clear, I am aware of what the conference is about, I was simply presenting an opportunity to resolve this procedural mess the Trustees' administration has created. The Trustee has a fiduciary responsibility to the estate and has the ability to investigate 'all of the issues' you and/or he are seemingly aware of. Any suppression of the information by any party does not change the reality of said 'issues'. This protective order seems to be an extension of the alleged suppression, so I am hesitant to consent, but I am willing to hear you out. I am available 3:30pm EST on Friday.

John

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Wednesday, August 26, 2026 12:28 PM
**To:** iustusprocessus@outlook.com
**Subject:** RE: Discovery served in proceeding to recuse Judge Burgess -- Local Rule 7026-1 meet and confer

Mr. Cohan,

I am fine with scheduling a telephone conference, but it would only be to discuss whether your discovery requests are permitted under the recusal statute and Rule 26. That could likely be discussed in 3 minutes since all of my explanation is set out in the draft motion for protective order I sent you. You either agree with it or you don't. I am not going to get into discussing all of the issues that you have with the Trustee's administration of the case. If you want to schedule a telephone conference, I am available this afternoon anytime except between 1:30 and 2:30, tomorrow anytime except between 1:30 and 3:00, and on Friday from 9:00 to 11:30 or 2:30 to 3:30.

**Raye Elliott**
Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333 | F: 813 223 2837
raye.elliott@akerman.com

**From:** Debitus Processus <iustusprocessus@outlook.com>
**Sent:** Wednesday, August 26, 2026 12:16 PM
**To:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>
**Cc:** David Choate <davidchoatehughes@gmail.com>
**Subject:** RE: Discovery served in proceeding to recuse Judge Burgess -- Local Rule 7026-1 meet and confer

[External to Akerman]

Ms. Elliott,

Thank you for your email. When would you like to set up some time to talk to confer? I did not see a phone call from you. I'm available to have a conversation with Mr. Cohen [and yourself] by phone/zoom, any time on Friday, in-person too if you both wish. I will set some time aside. How much time do you think we will need to confer? What's the best availability for you and the Trustee? One of the court's soft suggested mediation late last year (3:25-cv-01398), so I don't think a 3-minute telephone conversation would be appropriate, not at this stage. I've already inquired with you once about this and did not receive a response.

John

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Wednesday, August 26, 2026 11:59 AM
**To:** iustusprocessus@outlook.com
**Subject:** Discovery served in proceeding to recuse Judge Burgess -- Local Rule 7026-1 meet and confer

Mr. Cohan,

Pursuant to Local Rule 7026-1(c), this email is to confer with you on a motion for protective order the Trustee intends to file in the recusal proceeding with respect to the discovery you served. As you will see from the draft motion, the Trustee does not believe that the discovery you served is appropriate or complies with Rule 26. Please let me know if you agree that the Trustee does or does not have to respond to your discovery. Thank you.

**Raye Elliott**
Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333 | F: 813 223 2837
raye.elliott@akerman.com

vCard | Profile

Akerman Logo

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.