ORDERED.

**Dated: September 23, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In Re: Misc. Pro. No. 2:26-mp-00001-FMR

Verified Motion for Recusal and Disqualification of Judge Jason A. Burgess Pursuant to 28 U.S.C. § 455(a),

Debtor.
_________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART JOHN MICHAEL COHAN'S VERIFIED MOTION FOR PROTECTIVE ORDER TO SEAL ADDRESS UNDER MARSY'S LAW**

THIS PROCEEDING came before the Court without a hearing on the *Verified Motion for Protective Order to Seal Address Under Marsy's Law* (the "**Motion to Seal**")[1] filed by John Micheal Cohan ("**Mr. Cohan**").

Mr. Cohan asks the Court to seal his address in all filings in this miscellaneous proceeding, invoking Marsy's Law for Florida[2] and 11 U.S.C.

[1] Doc. No. 77.
[2] Fla. Const. art. I, § 16(b)–(e).

§ 107(c). But Federal Rule of Bankruptcy Procedure 9011(a) requires that every paper filed with the Court "state the signer's address and telephone number, if any."[3] This is so because the Bankruptcy Code and Bankruptcy Rules often require that notice be provided to interested parties by mail.[4] Still, Rule 9011(a) does not require that the address provided be the signer's residential address.[5]

Based upon Mr. Cohan's assertions,[6] the Court will direct the Clerk's office to update Mr. Cohan's address for noticing in this case to the address stated on the Motion to Seal. The Court will also direct the Clerk's office to update Mr. Cohan's address and telephone number on the docket of this miscellaneous proceeding to those stated on the Motion to Seal. This relief accommodates Mr. Cohan's request to protect his residential address from public disclosure while preserving an address at which Mr. Cohan may receive notices and other communications in this proceeding.

Accordingly, it is

---

[3] Fed. R. Bankr. P. 9011(a).
[4] *See, e.g.,* Fed. R. Bankr. P. 2002.
[5] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice that the address provided by Mr. Cohan is the Murray Hill Post Office in Jacksonville, Florida. *See* Fed. R. Evid. 201(b)(2) (permitting a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). A court may take judicial notice on its own or upon a party's request. Fed. R. Evid. 201(c).
[6] The Court expresses no opinion on Mr. Cohan's status as a crime victim under Marsy's Law of Florida or otherwise.

**ORDERED**:

1. The *Motion for Protective Order to Seal Address Under Marsy's Law* is **GRANTED IN PART** and **DENIED IN PART**.

2. The Clerk's office is **DIRECTED** to update Mr. Cohan's address for noticing in this case to the address stated on the Motion to Seal, to wit: General Delivery, 5455 Verna Blvd., Jacksonville, FL 32205.

3. Likewise, the Clerk's office is **DIRECTED** to update Mr. Cohan's address and telephone number on the docket of this miscellaneous proceeding to those stated on the Motion to Seal, to wit: General Delivery, 5455 Verna Blvd., Jacksonville, FL 32205, (516) 547-2810.

4. The *Motion for Protective Order to Seal Address Under Marsy's Law* is otherwise denied without prejudice to Mr. Cohan seeking relief under Federal Rule of Bankruptcy Procedure 9036(h).

The Clerk's office is directed to serve a copy of this order on interested parties.