UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
In re: John-Michael Cohan
Misc. Pro. No. 2:26-mp-00001-FMR

FILED VIA MAIL

SEP 30 2026

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

**VERIFIED MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER PURSUANT TO 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**

COMES NOW John Michael Cohan, Appellant, protected person under Marsy's Law, pro se, and respectfully moves this Court for leave to appeal the Memorandum Opinion and Order Denying Verified Motion for Recusal and Disqualification of Judge Jason A. Burgess Pursuant to 28 U.S.C. § 455(a) (Misc. Doc. 91) (the "Recusal Order"), entered on September 25, 2026.

I. THE QUESTION PRESENTED (Including but not limited to)

1. Whether the bankruptcy court erred in denying the recusal motion without an evidentiary hearing, without discovery, and without addressing the evidence of the alleged crime, the altered audio, the removed police report, or the coordination between the courts.

II. FACTS NEEDED TO UNDERSTAND THE QUESTION

2. The undersigned filed a verified motion to recuse Judge Burgess under 28 U.S.C. § 455(a). The motion alleged an appearance of bias based on the removal of

the police report (Bankr. Docs. 406-3, 470-1), the alleged alteration of the §341 audio (Bankr. Doc. 501, Ex. I), the crime that occurred during the §341 meeting (JSO# 2025-0471040), the King Conflict, the alleged fabrication of claim amounts versus collectible assets and the potential coordination between Judge Burgess and Judge Rivera on September 24, 2026, documented in the Misc. Docs placed in the mailbox on September 25, 2026 *before* the Order denying recusal (Misc. Doc. 91).

**3. On September 24, 2026, the undersigned filed three (3) discovery motions in the miscellaneous proceeding: a motion to deem requests for admission admitted pursuant to Rule 36(a)(3) (Misc. Doc. 86), a motion to compel answers to interrogatories (Misc. Doc. 87), and a motion to compel production of documents (Misc. Doc. 88). These admissions seemed to clearly expose the fraud(s) on the court.**

**4. On September 25, 2026, the very next day, the bankruptcy court seemingly rushed to enter the Recusal Order denying the recusal motion. The same order closed the miscellaneous proceeding and denied all other *pending* motions, including the aforementioned discovery motions, as moot.**

5. The Recusal Order was entered the day after the discovery motions were docketed. The order did not address the police report, the audio, the crime, the Walker Analysis, or the September 24 sequence. The order did not hold an

evidentiary hearing despite "discovery disputes" being authorized by the Jacksonville Division's Order (Bankr. Doc. 628).

6. The undersigned's response to the Chapter 7 Trustee's Objection (Misc. Doc. 83) was place in the mailbox on September 25, 2026 — the same day, but before the Recusal Order was entered.

III. RELIEF SOUGHT

7. The undersigned requests that this Court grant leave to appeal the Recusal Order, reverse the order, and remand for further proceedings, including an evidentiary hearing and discovery.

IV. REASONS WHY LEAVE TO APPEAL SHOULD BE GRANTED

8. This motion satisfies the standard under 28 U.S.C. § 158(a)(3), to which courts apply the analogous three-part standard from 28 U.S.C. § 1292(b).

A. The order involves a controlling question of law.

9. The question is whether a bankruptcy court in a miscellaneous proceeding that authorizes discovery disputes can deny a recusal motion without an evidentiary hearing, without permitting discovery, and without addressing the evidence that forms the basis of the motion. That is a controlling question of law. If the answer is no, the Recusal Order must be reversed and/or the case remanded.

B. There is substantial ground for difference of opinion.

10. The Recusal Order found no extrajudicial source of bias. But the complete record identifies the alleged removal of a police report, the alleged alteration of audio, alleged fabrication of claim amounts versus collectible assets and potential coordination between two (2) judges. Those are not adverse rulings. They are extrajudicial acts. A substantial ground for difference of opinion exists as to whether those acts constitute an extrajudicial source of bias.

C. An immediate appeal would materially advance the termination of the litigation.

11. The recusal issue affects every ruling in the underlying bankruptcy case. If Judge Burgess is not recused, the parties will continue to litigate before a judge whose impartiality is glaringly disputed. Resolving the recusal issue now will avoid the risk of vacating every order entered after the motion was filed.

D. Exceptional circumstances justify immediate review.

12. The Recusal Order was entered the day after the discovery motions were docketed. The order closed the proceeding and terminated the discovery. The timing raises a substantial question whether the proceeding was closed to avoid discovery rather than to decide the recusal motion. That is an exceptional circumstance warranting immediate review.

WHEREFORE, the undersigned respectfully requests that this Court grant leave to appeal the Recusal Order (Misc. Doc. 91), reverse the order, and remand for further proceedings, including an evidentiary hearing and discovery.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 09-26-2026

/s/ John Michael Cohan
John Michael Cohan
General Delivery
5455 Verna Blvd.
Jacksonville, Florida 32236
(516) 547-2810
iustusprocessus@outlook.com (Use email address for service only)

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

David C. Hughes II
davidchoatehughes@gmail.com

John Michael Cohan
General Delivery
5455 Verne Blvd.
Jacksonville, Florida 32205






US Bankruptcy Court - Fort Myers
801 North Florida Avenue, Suite 555
Jacksonville Florida 33602