UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
In re: John-Michael Cohan
Misc. Pro. No. 2:26-mp-00001-FMR

FILED VIA MAIL

SEP 30 2026

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

**JOHN MICHAEL COHAN'S VERIFIED NOTICE OF APPEAL**

(*Contingent upon motion for leave to appeal under 28 U.S.C. § 158(a)(3)*)

COMES NOW John Michael Cohan, protected person under Marsy's Law, pro se, and hereby appeals to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 158(a), from the Memorandum Opinion and Order Denying Verified Motion for Recusal and Disqualification of Judge Jason A. Burgess Pursuant to 28 U.S.C. § 455(a) (Misc. Doc. 91), entered on September 25, 2026, in Misc. Pro. No. 2:26-mp-00001-FMR.

Note: A Motion to Proceed *In Forma Pauperis* on Appeal has been sent by U.S. mail in a separate envelope.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 09-26-2026

/s/ John Michael Cohan
John Michael Cohan
General Delivery
5455 Verna Blvd.
Jacksonville, Florida 32236
(516) 547-2810
iustusprocessus@outlook.com (Use email address for service only)

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

David C. Hughes II
davidchoatehughes@gmail.com

FILED VIA MAIL

SEP 30 2026

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
In re: John-Michael Cohan
Misc. Pro. No. 2:26-mp-00001-FMR

**COVER SHEET FOR APPEAL**

(*Contingent upon motion for leave to appeal under 28 U.S.C. § 158(a)(3)*)

**Appellant:** John Michael Cohan, Pro Se Interested Party

ADDRESS and PHONE NUMBER REDACTED UNDER MARSY'S LAW; iustusprocessus@outlook.com

**Appellee(s):** Aaron R. Cohen, Chapter 7 Trustee; Scott Bomkamp, United States Trustee

Raye Curry Elliott, Attorney for Chapter 7 Trustee Aaron R. Cohen — Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com

Scott E. Bomkamp, Trial Attorney for the United States Trustee — DOJ-U.S. Trustee, George C. Young Federal Building, 400 W. Washington St., Ste 1100, Orlando, FL 32801; scott.e.bomkamp@usdoj.gov

**Order Being Appealed (ONE ORDER ONLY):**

Memorandum Opinion and Order Denying the Recusal Motion, entered September 25, 2026 (Misc. Doc. 91)

**Date of Order:** September 25, 2026

**Notice of Appeal Docket No.:** DE# *To be assigned.*

**IFP Motion Docket No.:** DE# *To be assigned.*

**Related Underlying Motion:**

Motion for Recusal and Disqualification

**Filing Fee Status:** IFP motion filed — DE# Misc. Doc. 1, Bankr. Docs. 622, 628

## STATEMENT OF ISSUES

**ISSUE 1.** Whether the Court erred in finding no Article III standing where the undersigned holds a 50% equity interest in the Debtor, a direct interest in the estate, and a reasonable possibility of surplus.

**ISSUE 2.** Whether the Court erred in finding no reasonable prospect of surplus without reviewing the agreements that form the basis of every claim, without considering the Trustee's admission that claims could be reduced from $39 million to $13–14 million (Misc. Doc. 45 at pg. 4), without considering the non-refundable language, the unexercised power of attorney, and the uncollected Velanos judgment, and without addressing the standing consequences of the Stringer reduction ($14 million to ~$400,000), the Belle Maison reduction ($3 million to ~$70,000) and the reduction of claims for parties that do not respond or do not hire attorneys (Bankr. Doc. 650).

**ISSUE 3.** Whether the Court erred in finding no redressability where recusal removes the biased judge.

**ISSUE 4.** Whether the Court erred in finding no standing as a Marsy's Law protected person with a statutory right to be heard in any proceeding implicating his rights.

**ISSUE 5.** Whether the Court erred in finding the recusal motion identifies only adverse rulings where the record identifies, including but not limited to, the removal of the police report from the docket (Bankr. Docs. 406-3, 470-1) — twice, without motion, notice, order, or hearing — the alteration of the §341 audio (Bankr. Doc. 501, Ex. I), the crime during the §341 meeting (JSO# 2025-0471040) and the United States Trustee's facilitation of that crime, the coordination of two (2) judges on September 24, 2026 (five events in twelve minutes across two divisions), and the blanket filing restriction (Bankr. Doc. 347) that the District Court found was never finalized (3:25-cv-01398-JEP, Doc. 33; Bankr. Doc. 660).

**ISSUE 6.** Whether the Court erred in finding the bias arises only from Main Case rulings where it arises from evidentiary, misconduct, and extrajudicial acts.

**ISSUE 7.** Whether the Court erred in finding no extrajudicial bias from the King Conflict — Judge Burgess's former law clerk now employed by Akerman, counsel to the Chapter 7 Trustee without an evidentiary basis.

**ISSUE 8.** Whether the Court erred in finding Akerman timely screened Mr. King where the record does not establish when Akerman learned of the conflict, whether Mr. King worked on the case before the firewall, or whether he had access to the files, and where the issue is the appearance of impropriety from the structural conflict, not attribution.

**ISSUE 9.** Whether the Court erred in finding no extrajudicial bias where Judge Burgess has refused to take judicial notice of the police report (JSO# 2025-0471040) despite two (2) federal judges and two (2) state judges having recognized it.

**ISSUE 10.** Whether the Court erred in finding no antagonism from the Order to Show Cause (Bankr. Doc. 734) accusing the undersigned of fake citations without identifying a single case, quote, or filing, and from the 6:00 PM order (Bankr. Doc. 735) seeking information the undersigned had already provided (Bankr. Doc. 681).

**ISSUE 11.** Whether the Court erred in denying recusal without an evidentiary hearing, without transcripts from the August 12, 2026 hearing, and without preserving the record for appellate review when the Order creating the miscellaneous proceeding specifically authorizes "discovery disputes".

**ISSUE 12.** Whether the Court erred in denying discovery on the King Conflict — including the motion to compel answers to interrogatories (Misc. Doc. 87) and the motion to compel production of documents (Misc. Doc. 88) directed to Akerman and Mr. King — while faulting the undersigned for speculation about whether improper communications occurred.

**ISSUE 13.** Whether the Court erred in denying discovery on the altered docket entries (Bankr. Docs. 406, 470) and the removal of the police report (Bankr. Docs.

406-3, 470-1), including the motion to compel production of documents (Misc. Doc. 88) and the motion to deem requests for admission admitted (Misc. Doc. 86).

**ISSUE 14.** Whether the Court erred in denying discovery on the §341 audio alteration and spoliation, including the motion to compel production of documents (Misc. Doc. 88) directed to the United States Trustee as statutory custodian under Federal Rule of Bankruptcy Procedure 2003(c).

**ISSUE 15.** Whether the Court erred in denying discovery on the coordination between two judges on September 24, 2026, and on the crime during the §341 meeting (JSO# 2025-0471040) and the United States Trustee's facilitation of that crime, including the motion to compel answers to interrogatories (Misc. Doc. 87) and the motion to compel production of documents (Misc. Doc. 88).

**ISSUE 16.** Whether the Court erred in denying recusal without addressing the crime during the §341 meeting (JSO# 2025-0471040) and the United States Trustee's facilitation of that crime.

**ISSUE 17.** Whether the Court erred in denying recusal without addressing the altered §341 audio (Bankr. Doc. 501, Ex. I) and spoliation where the United States Trustee is the statutory custodian under FRBP 2003(c).

**ISSUE 18.** Whether the Court erred in denying recusal without addressing the removal of the police report (Bankr. Docs. 406-3, 470-1) and the absence of any hearing on its removal.

**ISSUE 19.** Whether the Court erred in denying recusal without addressing the Walker Legal Analysis (Bankr. Doc. 501, Ex. 5).

**ISSUE 20.** Whether the Court erred in denying recusal without addressing the three (3) shifting narratives on fraudulent transfers advanced by the Chapter 7 Trustee and his counsel.

**ISSUE 21.** Whether the Court erred in denying recusal without addressing the alleged double-counting of the McMann claim (Claim 64) and the related customer claims.

**ISSUE 22.** Whether the Court erred in denying recusal without addressing Section 13.7 of the BELOC Agreement.

**ISSUE 23.** Whether the Court erred in denying recusal without addressing the retaliatory bar order (Bankr. Docs. 471, 476, 477, 490) entered the day after the police report was re-filed.

**ISSUE 24.** Whether the Court erred in denying recusal without addressing the restraining order violation during the §341 meeting (JSO# 2025-0471040).

**ISSUE 25.** Whether the Court erred in denying recusal without addressing the request for orders to show cause against the United States Trustee, the Chapter 7 Trustee, and Debtor's counsel, and the request for judicial notice of the police report (JSO# 2025-0471040).

**ISSUE 26.** Whether the Court erred in denying recusal without addressing the objections to and sequencing of the November 9, 2026 hearings, and the request to set the standing trial after the objections, agreements, and fraud on the court are heard.

**ISSUE 27.** Whether the Court erred in denying recusal without addressing the District Court's finding that the blanket filing restriction (Bankr. Doc. 347) was never finalized and that the undersigned was not afforded any opportunity to be heard (3:25-cv-01398-JEP, Doc. 33), and without addressing the Rule 60(d)(3) fraud on the court.

**ISSUE 28.** Whether the Court erred in denying recusal without addressing the pending motion for reconsideration regarding the lack of Notices of Appearances filed by the licensed parties representing other entities (Misc. Docs. 65, 66, 71) and the pending motion to reply.

**ISSUE 29.** Whether the Court erred in ruling without a meaningful opportunity to respond where the response to the Chapter 7 Trustee's Objection (Misc. Doc. 83)

was mailed on September 25, 2026 — the same day the Court entered its Memorandum Opinion and Order Denying the Recusal Motion (Misc. Doc. 91) — and where the Court closed the miscellaneous proceeding before the response could be docketed or considered.

**ISSUE 30.** Whether the Court erred in closing the miscellaneous proceeding (September 25, 2026) immediately after the discovery motions were docketed (September 24, 2026), and in closing the proceeding without ruling on the motion to deem requests for admission admitted (Misc. Doc. 86, 86-1), the motion to compel answers to interrogatories (Misc. Doc. 87, 87-1), the motion to compel production of documents (Misc. Doc. 88, 88-1), the response to the United States Trustee's motion for protective order (Misc. Doc. 85), and the pending request for judicial notice of the police report (JSO# 2025-0471040).

**ISSUE 31.** Whether the Court erred in considering the filings of the United States Trustee and the Chapter 7 Trustee where neither their counsel nor the parties themselves filed Notices of Appearance as required by Federal Rule of Bankruptcy Procedure 9010(b).

**ISSUE 32.** Whether the Court erred in never ruling on the motion for reconsideration regarding the Notices of Appearance.

**ISSUE 33.** Whether the Court's cumulative errors — the denial without a hearing, the denial without discovery, the denial without addressing the evidence, and the closure of the proceeding immediately after the discovery motions were docketed — deprived the undersigned of a fair and impartial proceeding and require reassignment to a different judge on remand.

## TRANSCRIPTS

Appellant incorporates by reference Bankr. Doc. 681 and Bankr. Doc. 714 and the transcripts requested therein. In addition, pursuant to Fed. R. Bankr. P. 8009(b)(5), Appellant specifically designates:

1. The complete transcript of the **August 12, 2026 hearing**.
2. The complete unaltered audio recording and transcript of the **§341 meeting** (April 17, 2024).

## DESIGNATION OF RECORD

Pursuant to Fed. R. Bankr. P. 8009(a), Appellant designates the entire record of the above-captioned Miscellaneous Proceeding, including:

A. The complete docket of the Miscellaneous Proceeding, including all docket entries maintained by the bankruptcy clerk.

B. All filings in the Miscellaneous Proceeding, including all pleadings, motions, responses, replies, exhibits, notices, orders, and certifications, including without limitation:

- Misc. Doc. 83 (Cohan — Response to Chapter 7 Trustee's Objection, mailed 09/25/2026)
- Misc. Doc. 86, 86-1 (Cohan — Motion to Deem Requests for Admission Admitted, 09/24/2026)
- Misc. Doc. 87, 87-1 (Cohan — Motion to Compel Answers to Interrogatories, 09/24/2026)
- Misc. Doc. 88, 88-1 (Cohan — Motion to Compel Production of Documents, 09/24/2026)
- Misc. Doc. 91 (Memorandum Opinion and Order Denying the Recusal Motion, 09/25/2026) — the Order on appeal

C. The Notice of Appeal (DE# *To be assigned.*)

D. The IFP Motion (DE# *To be assigned.*)

E. The transcript of the August 12, 2026 hearing (ordered herewith)

*F. All filings dropped in the mailbox on September 25, 2026* ***before*** *the final order around 12:00PM, including the response to Misc. Doc. 83, with a request that they be accepted* ***nunc pro tunc*** *if not docketed due to the closure of the Miscellaneous Proceeding around 6:00PM. A separate filing will be made, if necessary.*

**Main Case (3:24-bk-00496) Documents Designated in Support of the Appeal:**

Pursuant to Fed. R. Bankr. P. 8009(a), Appellant designates the entire record of the Miscellaneous Proceeding, including the complete docket. In addition, Appellant designates the following Main Case documents as evidence in support of the appeal, because the Court's ruling in the Miscellaneous Proceeding relies on or implicates these documents:

- Bankr. Doc. 347 (Order to Show Cause / blanket filing restriction)
- Bankr. Doc. 406-3 (Police report — removed from docket)
- Bankr. Doc. 470-1 (Police report — re-filed, then removed)
- Bankr. Doc. 471 (Retaliatory bar order)
- Bankr. Doc. 476 (Retaliatory bar order support)
- Bankr. Doc. 477 (Retaliatory bar order support)
- Bankr. Doc. 490 (Retaliatory bar order support)
- Bankr. Doc. 501, Ex. I (§341 audio — altered)
- Bankr. Doc. 501, Ex. 5 (Walker Legal Analysis)
- Bankr. Doc. 660 (Remand Order re: blanket filing restriction)
- Bankr. Doc. 681 (Information provided by undersigned)
- Bankr. Doc. 687 (Cohan — Designation of Record) — incorporated in its entirety
- Bankr. Doc. 734 (Order to Show Cause)
- Bankr. Doc. 735 (6:00 PM order)

**District Court Filing:**

- 3:25-cv-01398-JEP, Doc. 33 (M.D. Fla. Aug. 25, 2026) (District Court finding that blanket filing restriction was never finalized)

## CERTIFICATION REGARDING ALTERED DOCKET

Appellant certifies that main docket entries 406 and 470, as reflected on CM/ECF, differ from the originally filed versions retained in Appellant's possession. The unaltered originals are referenced by opposing counsel in Main Docket No. 477

and 490, Exhibit DD. Appellant respectfully requests judicial notice of these discrepancies.

**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fed. R. App. P. 26.1 and the Local Rules of the United States District Court for the Middle District of Florida, Appellant certifies that the following persons and entities have an interest in the outcome of this appeal:

**Appellant:**
John Michael Cohan, Pro Se Interested Party — iustusprocessus@outlook.com

**Appellees and Counsel:**
Aaron R. Cohen, Chapter 7 Trustee — Raye Curry Elliott, Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com

Scott E. Bomkamp, Trial Attorney for the United States Trustee — DOJ-U.S. Trustee, George C. Young Federal Building, 400 W. Washington St., Ste 1100, Orlando, FL 32801; scott.e.bomkamp@usdoj.gov

**Other Interested Party:**
David C. Hughes II — 2812 Pat Tillman Drive, Springfield, IL 62711; davidchoatehughes@gmail.com

**VERIFICATION**

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 09-26-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

/s/ John Michael Cohan
John Michael Cohan
General Delivery
5455 Verna Blvd.
Jacksonville, Florida 32236
(516) 547-2810
iustusprocessus@outlook.com (Use email address for service only)

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com

John Michael Cohan
General Delivery
5455 Verna Blvd.
Jacksonville, Florida 32205







US Bankruptcy Court - Fort Myers
801 North Florida Avenue, Suite 555
Jacksonville Florida 33602