ORDERED.

**Dated: October 01, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In Re: Misc. Pro. No. 2:26-mp-00001-FMR

Verified Motion for Recusal and Disqualification of Judge Jason A. Burgess Pursuant to 28 U.S.C. § 455(a),

Debtor.
__________________________________/

**ORDER DENYING COMBINED MOTION FOR RELIEF FROM ADDRESS REQUIREMENT UNDER FED. R. BANKR. P. 9037(h)/RULE 5.2(d) AND TO COMPEL NOTICES OF APPEARANCE UNDER FED. R. BANKR. P. 9010(b)**

THIS PROCEEDING came before the Court without a hearing on the *Combined Motion For Relief From Address Requirement Under Fed. R. Bankr. P. 9037(H)/Rule 5.2(D) And To Compel Notices Of Appearance Under Fed. R. Bankr. P. 9010(B)* ("**Motion for Relief**")[1] filed by John Micheal Cohan ("**Mr. Cohan**"). For the reasons stated below, the Motion is due to be denied.

[1] Doc. No. 95.

## I. The Motion Improperly Joins Unrelated Requests.

A motion must seek one form of relief unless it seeks alternative relief under the same provision of the Bankruptcy Code or Bankruptcy Rules.[2]

Mr. Cohan's Motion does not do so. It seeks to: (1) revisit the Court's *Order Granting in Part and Denying in Part Motion for Protective Order to Seal Address Under Marsy's Law*;[3] (2) redact unspecified information from the public record; (3) require certain attorneys to file notices of appearance; and (4) conditionally strike filings by those attorneys.[4]

These are not alternative forms of relief available under a single statutory or rule-based provision. They involve separate orders, separate rules, and separate legal standards. The Motion therefore violates Local Rule 9013-1(a) and warrants denial without prejudice to filing a procedurally proper motion directed to a single form of relief.

## II. The Motion Does Not Justify Relief From Prior Orders.

Even so, the Motion for Relief does not justify relief from the *Order Granting in Part and Denying in Part Motion for Protective Order to Seal Address Under Marsy's Law*. Federal Rule of Civil Procedure 60(b) permits relief from a final judgment or order only for specified reasons: mistake, newly

[2] *See* M.D. Fla. Bankr. L.R. 9013-1(a) ("A motion filed with the Court must request only one form of relief unless the request seeks alternative forms of relief under the same provision of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure.").
[3] Doc. No. 84.
[4] Doc. No. 95, at 4.

discovered evidence, fraud, or misconduct, voidness, satisfaction or changed prospective circumstances, or another reason justifying relief.[5]

The Motion for Relief establishes none of them. The Motion identifies no mistake in either order; no newly discovered evidence that could not previously have been presented with reasonable diligence; no fraud, misrepresentation, or misconduct bearing on the entry of the order; no basis to conclude that the order is void; and no material change making prospective application inequitable.

Nor does the Motion establish grounds under Rule 60(b)(6). Relief under that provision is extraordinary and requires exceptional circumstances.[6] Rule 60(b) is not a vehicle to relitigate matters already decided or to present arguments or evidence that could have been raised before entry of the challenged order.[7]

To the extent the Motion seeks reconsideration under Rule 59, it also fails. Reconsideration is an extraordinary remedy, not an opportunity to relitigate matters already decided.[8] It is appropriate only upon an intervening

---

[5] *See* Fed. R. Civ. P. 60(b).

[6] *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (holding that "relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances").

[7] *See Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir. 2024) ("[A] Rule 60(b) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

[8] *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (holding Rule 59 cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice.[9] Mr. Cohan identifies none of those circumstances. Instead, Mr. Cohan merely disagrees with the Court's ruling and maintains that, despite Rule 9011(a)'s requirements, he "does not want any address with which he is associated to appear on the public docket."[10]

The Motion therefore provides no basis to modify, vacate, or reconsider the *Order Granting in Part and Denying in Part Motion for Protective Order to Seal Address Under Marsy's Law*.

**III. The Rule 9037(h) Request is Deficient.**

Finally, Mr. Cohan's Rule 9037(h) request is procedurally deficient. Rule 9037(h) governs motions to redact protected information from a document already filed on the docket. Unless the Court orders otherwise, the movant must:

1. Identify the proposed redactions;
2. Attach the proposed redacted version of the previously filed document;
3. Identify the docket number or proof-of-claim number of the document to be redacted; and
4. Serve the motion and attachment on the persons identified in Rule 9037(h)(1)(D).[11]

---

[9] *In re Friends of Citrus & the Nature Coast*, 2023 WL 5374399, at *1 (Bankr. M.D. Fla. Aug. 22, 2023) ("Motions for reconsideration are not vehicles for disappointed parties to re-litigate previously decided issues by raising new theories or to present evidence that could have been raised earlier.").
[10] Doc. No. 95 ¶ 6.
[11] Fed. R. Bankr. P. 9037(h)(1).

Mr. Cohan has not met those requirements. The Motion does not identify each docketed document for which redaction is sought. It does not identify the particular information to be redacted from any document. It does not attach proposed redacted versions of the affected documents. And it does not establish compliance with the service requirement of Rule 9037(h)(1)(D). The Court therefore denies the Rule 9037(h) request without prejudice.

The Court does not construe this ruling as minimizing the safety concerns asserted by Mr. Cohan. It holds only that the requested relief has not been sought in the manner required by the governing rules and that the Motion does not demonstrate a basis to alter the *Order Granting in Part and Denying in Part Motion for Protective Order to Seal Address Under Marsy's Law*.

**IV. Separate Notices Of Appearance Are Not Required.**

Mr. Cohan also asks the Court to require Guy A. Van Baalen, Scott E. Bomkamp, Raye C. Elliott, and Aaron R. Cohen to file notices of appearance. He further requests that the Court conditionally strike their filings until they do so.

Rule 9010(b) requires an attorney appearing for a party in a case under the Bankruptcy Code to file a notice of appearance containing the attorney's

name, office address, and telephone number, "*unless the attorney's appearance is otherwise noted in the record*."[12]

Here, the appearances of Mr. Bomkamp and Ms. Elliott are already noted in the record through filings made on behalf of the United States Trustee and the Chapter 7 trustee.[13] Although Mr. Van Baalen and Mr. Cohen are attorneys, neither has appeared on behalf of a party in this proceeding. Rather, like Mr. Cohan, they are the represented litigants.[14] Rule 9010(b) therefore does not require them to file separate notices of appearance. Mr. Cohan is consequently not entitled to an order compelling additional notices of appearance or conditionally striking filings on that basis.

Accordingly, it is

**ORDERED** the *Combined Motion For Relief From Address Requirement Under Fed. R. Bankr. P. 9037(H)/Rule 5.2(D) And To Compel Notices Of Appearance Under Fed. R. Bankr. P. 9010(B)* is **DENIED**.

The Clerk's office is directed to serve a copy of this order on interested parties.

-

[12] Fed. R. Bankr. P. 9010(b) (emphasis supplied).
[13] *See, e.g.*, Doc. Nos. 18 & 21.
[14] Mr. Van Baalen is the acting United States Trustee for Region 21. Mr. Cohen is the Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV Inc.